U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
SEP 17 2012
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

12-5209

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| JESSE HENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FULL SPECTRUM LITIGATION | ) |
| COMPANY, LLC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JESSE HENSON, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, FULL SPECTRUM LITIGATION COMPANY, LLC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. JESSE HENSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Gentry, County of Benton, State of Arkansas.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Credit One Bank, N.A. (hereinafter, "the Debt").

1

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. FULL SPECTRUM LITIGATION COMPANY, LLC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas. Defendant is registered as a limited liability company in the State of California.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

14. On or about August 1, 2012, Defendant initiated a telephone call to Plaintiff's former employer wherein Defendant engaged in a telephone conversation with Plaintiff's former employer.

15. Defendant told Plaintiff's former employer that it was trying to find Plaintiff in order to serve Plaintiff with a lawsuit.

16. At no time during the course of the telephone call between Defendant and Plaintiff's former employer did Defendant state it was calling to confirm or correct location information for Plaintiff.

17. On or about August 1, 2012, Plaintiff's former employer contacted Plaintiff to inform him of the contents of her telephone conversation with Defendant.

18. On or about August 1, 2012, after Plaintiff's former employer informed Plaintiff of the aforementioned telephone call, Defendant initiated a telephone call to Plaintiff in an attempt to collect the Debt.

19. On or about August 1, 2012, Defendant initiated a telephone call to Plaintiff and left Plaintiff a voicemail message in an attempt to collect the Debt.

20. The voicemail message Defendant left for Plaintiff was Defendant's initial communication with Plaintiff relative to the Debt.

21. During the course of the voicemail message Defendant left for Plaintiff, Defendant's duly authorized representative stated it was "contacting [Plaintiff] regarding a complaint that has been forwarded to my office."

22. Defendant then stated "[i]f you wish to discuss the pending action that is being filed against [Plaintiff], you can contact the firm that is handling your case."

23. Defendant then provided Plaintiff with a telephone number at which he could contact Defendant.

24. Defendant further provided Plaintiff with a putative case number.

25. Defendant then ended the voicemail message by stating "[i]t is important that I speak to you immediately or I may be forced to make a decision without your consent."

26. Plaintiff heard the contents of the voicemail message left for him.

27. At no time during the course of the voicemail message left by Defendant for Plaintiff did Defendant state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

28. At no time during the course of the voicemail message did Defendant's duly authorized representative provide Plaintiff with information relative to Defendant's identity.

29. Plaintiff only ascertained the voicemail message was left by Defendant as the telephone number Defendant informed Plaintiff that he was to contact was Defendant's telephone number.

30. Defendant's representations to Plaintiff that a pending action was going to be filed against Plaintiff in conjunction with Defendant having provided Plaintiff with a putative case number had the effect of conveying to an unsophisticated consumer that an imminent lawsuit was to be filed against Plaintiff relative to the Debt.

31. Defendant has not filed a lawsuit against Plaintiff for the Debt.

32. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

33. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

34. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

35. Upon information and belief, at the time of making the aforementioned threat, Defendant did not have any employees that were licensed to practice law in the State of Arkansas.

36. Defendant's representations to Plaintiff, in the aforesaid voicemail message, that a lawsuit was to be imminently filed against him relative to the Debt were false, deceptive and/or misleading given that Defendant has not filed a lawsuit against Plaintiff relative to the Debt.

37. Defendant's representations to Plaintiff that a lawsuit was to be imminently filed against him relative to the Debt misrepresented the character, nature and/or legal status of the Debt given that Defendant has not filed a lawsuit against Plaintiff relative to the Debt.

38. Defendant's representations to Plaintiff during the aforesaid voicemail message that he had to contact the "firm handling his case" regarding a "complaint that had been forwarded to [Defendant's] office" had the effect of conveying to an unsophisticated consumer that Defendant was a law firm.

39. Defendant is not a law firm.

40. Defendant's representation that it was a law firm was false, deceptive and/or misleading given that Defendant is a debt collector and is not a law firm.

41. At no time during the course of the voicemail message Defendant left for Plaintiff did Defendant's duly authorized representative inform Plaintiff that she was not an attorney.

42. The statements Defendant made to Plaintiff during the voicemail message, as delineated above, in conjunction with the fact that Defendant did not inform Plaintiff it was a debt collector had the effect of conveying to an unsophisticated consumer that the duly

authorized representative of Defendant who left the voicemail message for Plaintiff was an attorney.

43. Upon information and belief, the duly authorized representative who left the aforesaid voicemail message for Plaintiff was not an attorney.

44. On or about August 1, 2012, Defendant also initiated a telephone call to Plaintiff's roommate's cellular telephone number in a further attempt to collect the Debt from Plaintiff.

45. Defendant then left a voicemail message for Plaintiff at his roommate's cellular telephone number.

46. The contents of the voicemail Defendant left for Plaintiff's roommate were identical to the contents of the voicemail message Defendant left for Plaintiff, as delineated above.

47. At no time during the course of the voicemail message Defendant left for Plaintiff's roommate did Defendant state it was calling to confirm or correct location information for Plaintiff.

48. Again, Plaintiff ascertained Defendant had left the aforesaid voicemail message for him on his roommate's cellular telephone number, as the telephone number Defendant left on the voicemail message that Plaintiff was to contact was Defendant's telephone number.

49. Plaintiff's roommate heard the contents of the aforesaid voicemail message Defendant left for Plaintiff, as delineated above.

50. Plaintiff's roommate informed Plaintiff of the contents of the voicemail message he received from Defendant.

51. Plaintiff did not consent to Defendant communicating with third-parties.

52. Upon information and belief, at the time Defendant contacted Plaintiff's former employer and Plaintiff's roommate, Defendant already had contact information for Plaintiff.

53. Upon information and belief, despite Defendant having been cognizant of Plaintiff's contact information, Defendant initiated telephone calls to Plaintiff's former employer and to Plaintiff's roommate in an effort to coerce Plaintiff into making a payment to Defendant relative to the Debt.

54. On or about August 1, 2012, subsequent to Plaintiff having received the aforesaid voicemail message from Defendant and subsequent to the aforesaid third-parties having informed Defendant regarding Defendant's communications with them, as delineated above, Plaintiff initiated a telephone call to Defendant.

55. Plaintiff then engaged in a telephone conversation with Defendant wherein Defendant attempted to collect the Debt from Plaintiff.

56. Defendant informed Plaintiff that if did not pay the Debt within forty-eight (48) hours then Defendant would file a lawsuit against Plaintiff.

57. Defendant further told Plaintiff that if he did not pay the Debt then Defendant would "come after Plaintiff's assets."

58. Defendant's representation that it would "come after Plaintiff's assets" if the Debt was not paid had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the Debt then Defendant would commence garnishment actions against Plaintiff.

59. Again, upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

60. Again, upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

61. Again, upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

62. At the time Defendant made the aforementioned threat to commence garnishment actions against Plaintiff, no lawsuit had been filed against Plaintiff for the Debt.

63. At the time Defendant made the aforementioned threat to commence garnishment actions against Plaintiff, no judgment had been entered against Plaintiff for the Debt.

64. The Debt is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the Debt.

65. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff asked Defendant why it had contacted third-parties in an attempt to collect the Debt from him.

66. Defendant responded by telling Plaintiff that it could "do whatever it wanted" to collect the Debt from Plaintiff.

67. Plaintiff then informed Defendant that he was going to contact an attorney to represent him relative to the Debt.

68. Defendant responded to Plaintiff's statement by telling Plaintiff he better retain a good attorney because Defendant would collect the Debt "no matter what."

69. Defendant's representations to Plaintiff during the course of the aforesaid telephone call were false, deceptive and/or misleading given that Defendant's conduct in attempting to collect the Debt from Plaintiff was regulated by the Fair Debt Collection Practices Act such that Defendant would be prohibited from "doing whatever it wanted" to collect the Debt from the Plaintiff.

70. Defendant's representation to Plaintiff that it would collect the Debt from Plaintiff "no matter what" was further false, deceptive and/or misleading given that Defendant's conduct in attempting to collect the Debt from Plaintiff was regulated by the Fair Debt Collection Practices Act such that Defendant would be prohibited from engaging in certain conduct in an attempt to collect the Debt from Plaintiff.

71. Defendant's representations to Plaintiff, as delineated above, were statements made by Defendant to Plaintiff in an attempt to coerce Plaintiff into making a payment to Defendant.

72. On or about August 1, 2012, Defendant sent a correspondence to Plaintiff in an attempt to collect the Debt. (See a true and exact copy of said correspondence, dated August 1, 2012, attached hereto as **Exhibit A**).

73. In the correspondence, dated August 1, 2012, Defendant failed to state it was a debt collector, attempting to collect a debt and that any information obtained would be used for that purpose.

74. Upon information and belief, the correspondence Defendant sent to Plaintiff, dated August 1, 2012, was the first correspondence Defendant sent to Plaintiff in an attempt to collect the Debt.

75. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the Debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

76. Upon information and belief, at no time subsequent to August 1, 2012, did Defendant send Plaintiff any additional correspondence relative to the Debt.

77. At all relevant times, Plaintiff was residing in the State of Arkansas.

78. At all relevant times, Defendant was attempting to collect a Debt from Plaintiff while he was residing in the State of Arkansas.

79. At all relevant times there was in full force and effect a statute in the State of Arkansas requiring all debt collectors collecting debts in the State of Arkansas to be licensed by the Arkansas State Board of Collection Agencies.

80. At all relevant times, Defendant was not licensed by the Arkansas State Board of Collection Agencies.

81. Defendant's attempts to collect the Debt from Plaintiff in the State of Arkansas were unfair and/or unconscionable given that at the time Defendant attempted to collect the Debt from Plaintiff, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff, as required by the state law.

82. Defendant's representations to Plaintiff that he had to pay the Debt to Defendant, as delineated above, were false, deceptive and/or misleading given that at the time Defendant represented to Plaintiff that he had to pay the Debt to Defendant, Defendant was neither licensed nor permitted to collect the Debt from Plaintiff.

83. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

c. Communicated in connection with the collection of any debt with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector in violation of 15 U.S.C. §1692c(b);

d. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

e. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

f. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

g. Falsely represented either directly and/or by implication that he was an attorney and/or that the communication was from an attorney in violation of 15 U.S.C. §1692e(3);

h. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

i. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

j. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

k. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

l. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

m. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

   n. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

84. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

85. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESSE HENSON, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

  a. All actual compensatory damages suffered;

  b. Statutory damages of $1,000.00;

  c. Plaintiff's attorneys' fees and costs;

  d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
JESSE HENSON<br>
By: <em>/s/ David M. Marco</em><br>
David M. Marco<br>
Attorney for Plaintiff

Dated: September 12, 2012

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com